**Romualda Aparicio De CAMACHO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73557.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 19, 2008.

Filed Dec. 29, 2008.

Rhoda Wilkinson Domingo, Esquire, Law Office of Rhoda Wilkinson Domingo, San Francisco, CA, for Petitioner.

Alison Marie Igoe, Esquire, Principal Litigation Counsel, Oil, Patricia Ann Smith, Senior Litigation Counsel, Anthony W. Norwood, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: NOONAN, KLEINFELD and IKUTA, Circuit Judges.

## MEMORANDUM *

Romualda Aparicio de Camacho, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for withholding of removal and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Abebe v. Gonzales*, 432 F.3d 1037, 1039–40 (9th Cir.2005) (en banc), we deny the petition for review. She has not presented evidence that she has been persecuted or is in danger of being persecuted on account of any of the five statutory grounds justifying relief; nor has she produced evidence qualifying her for relief under CAT.

Petition DISMISSED.

NOONAN, Circuit Judge, concurring:

Immigration law is complex law, as complex to those uninitiated in legal studies as the Internal Revenue Code is to most laymen. Uncounselled aliens venture at their peril into its maze. In the present case the petitioner, without benefit of counsel, sought asylum long after the time for asylum-seeking had past. She did not pursue what might be an available solution to her situation: adoption by her kind benefactor in one of the several states that permit the adoption of adults. Instead, she struggled on, now with a lawyer, in the maze, and she has reached the legal end of the road.

A wise government, however, has realized that enforcement of the technical rules may not always do justice in a particular solution. The executive retains discretion. Aparicio is the mother of two American citizens, her daughter, Brianna Marie, age 13, and her daughter, Ileanna Alicia, age 8. The policies of the United States are designed to strengthen the family not cause its disintegration by deportation of the mother. The two girls returning to Mexico with their mother will face the same conditions that she faced as a poor person of Indian descent vulnerable to abuse and impotent against the powerful. We have no reason to doubt the Country Report of the United States State Department (2004) when it declares, "The most pervasive violations of women's rights involved domestic and sexual violence, which was widespread and vastly underreported." The Country Report goes on to note a reputable survey indicating that almost half of women in Mexico over the age of 15 have "suffered at least one incident of physical, emotional, or sexual aggression." Aparicio is among these women. Having undergone sexual violence herself, she understandably fears subjecting her daughters to the risk of similar aggression. In our law a one in ten chance of persecution justifies asylum. In the realm of administrative discretion beyond the law, it could be found that the risk here to two American citizens justifies administrative termination of the proceedings against Aparicio.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.